UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMANDA HANNIGAN,

                                **Plaintiff,**                **COMPLAINT**
        -against-                              **(Jury Trial Demanded)**

ABH NATURE'S PRODUCTS, INC., ABH
PHARMA, INC., STOCKNUTRA.COM, INC.,
JAHIRUL ISLAM, SAJED ISLAM, and SAHINA
ISLAM,
                                **Defendants.**
------------------------------------------------------------------------X

       Plaintiff, **AMANDA HANNIGAN**, by and through her attorney, the Law Office of Ralph A. Somma, complains and alleges as follows:

## INTRODUCTORY STATEMENT

1.        Plaintiff brings this action to recover unpaid wages and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. §§ 201, *et seq.* and New York State Labor Law § 190 *et seq*.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

3.        This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367.

4.        The unlawful employment practices alleged below were committed within the County of Suffolk in the State of New York.  Defendants do business in the State of New York in the County of Suffolk.  Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

5.          This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.          Plaintiff, **AMANDA HANNIGAN**, resides in the County of Suffolk.

6.          At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Section 190(2) of the New York Labor Law, N.Y. Lab. Law § 190(2).

7.          Defendant **ABH NATURE'S PRODUCTS, INC.** (hereinafter "ABH Nature") is a New York corporation whose principal place of business is located in the State of New York, County of Suffolk at 131 Heartland Boulevard, Edgewood, New York.

8.          At all times relevant to the Complaint, ABH Nature was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

9.          ABH Nature is a contract manufacturer which receives components and manufactures and distributes numerous dietary supplements and drugs in New York and in interstate commerce.

10.         Defendant ABH Nature is an "enterprise engaged in interstate Commerce" within the meaning of the FLSA.

11.         Defendant ABH Nature has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales in excess of $500,000.

12.         Defendant **ABH PHARMA, INC**. (hereinafter "ABH Pharma") is a New York corporation whose principal place of business is located in the State of New York, County of Suffolk at 131 Heartland Boulevard, Edgewood, New York.

13.         At all times relevant to the Complaint, ABH Pharma was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

14.         ABH Pharma acts as the marketing and sales arm for ABH Nature. It takes sales calls, distributes products manufactured by ABH Nature, throughout New York and in interstate commerce, and performs billing services. ABH Pharma also operates the website www.abhpharma.com, through which it promotes ABH Nature's contract manufacturing services and products.

15.         Defendant ABH Pharma is an "enterprise engaged in interstate Commerce" within the meaning of the FLSA.

16.         Defendant ABH Pharma has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales in excess of $500,000.

17.         Defendant **STOCKNUTRA.COM, INC.** (hereinafter "Stocknutra") is a Delaware York corporation whose principal place of business is located in the State of New York, County of Suffolk at 131 Heartland Boulevard, Edgewood, New York.

18.         At all times relevant to the Complaint, Stocknutra was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

19.         StockNutra's website, www.stocknutra.com, identified StockNutra as a subsidiary of ABH Pharma. ABH Pharma has used the StockNutra name for marketing purposes. StockNutra promotes, offers to sell, and takes customer orders for stock supplements (e.g., vitamins, protein powder, collagen, turmeric, various oils, and joint formulas) manufactured or packaged by ABH Nature. StockNutra causes the distribution of dietary supplements, takes orders for dietary supplements through its website (www.stocknutra.com), which ABH Pharma fulfills and distributes throughout New York and in interstate commerce.

20.         Defendant Stocknutra is an "enterprise engaged in interstate Commerce" within the meaning of the FLSA.

21.         Defendant Stocknutra has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales in excess of $500,000.

22.     At all times relevant herein, Defendants ABH Nature, ABH Pharma and Stocknutra share employees among and between each other.

23.     Defendant **JAHIRUL ISLAM** (hereinafter "Jahirul") does business at 131 Heartland Boulevard, Edgewood, New York, within the jurisdiction of this court and, at all times relevant herein, was an officer, executive, owner and/or majority shareholder of Defendants ABH Nature, ABH Pharma and Stocknutra; in active, operational control and management of Defendants ABH Nature, ABH Pharma and Stocknutra; and/or responsible for the policies, practices and procedure governing, *inter alia*, the hours worked by and/or payment of wages and benefits to the employees of Defendants ABH Nature, ABH Pharma and Stocknutra, including the Plaintiff herein, such that he is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and

Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

24.     Defendant **SAJED ISLAM** (hereinafter "Sajed") does business at 131 Heartland Boulevard, Edgewood, New York, within the jurisdiction of this court and, at all times relevant herein, was an officer, executive, owner and/or majority shareholder of Defendants ABH Nature, ABH Pharma and Stocknutra; in active, operational control and management of Defendants ABH Nature, ABH Pharma and Stocknutra; and/or responsible for the policies, practices and procedure governing, *inter alia*, the hours worked by and/or payment of wages and benefits to the employees of Defendants ABH Nature, ABH Pharma and Stocknutra, including the Plaintiff herein, such that he is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

25.     Defendant **SAHINA ISLAM** (hereinafter "Sahina") does business at 131 Heartland Boulevard, Edgewood, New York, within the jurisdiction of this court and, at all times relevant herein, was an officer, executive, owner and/or majority shareholder of Defendants ABH Nature, ABH Pharma and Stocknutra; in active, operational control and management of Defendants ABH Nature, ABH Pharma and Stocknutra; and/or responsible for the policies, practices and procedure governing, *inter alia*, the hours worked by and/or payment of wages and benefits to the employees of Defendants ABH Nature, ABH Pharma and Stocknutra, including the Plaintiff herein, such that she is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

26.     Upon information and belief Shaina is the daughter of Jahirul.

27.     Upon information and belief Sahina is married to Sajed.

28.     At all times hereinafter mentioned, Defendants have been engaged in related activities performed through unified operation or common control for a common business purpose;

have employed employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; have had annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

## FACTS

29.      Plaintiff commenced employment with Defendants on or about November 1, 2017.

30.      Plaintiff's employment with Defendants terminated on or about March 29, 2019.

31.      Throughout the term of her employment with Defendants, Plaintiff was required to be paid at the rate of at least one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) in each work week.

32.      During the time Plaintiff was employed by Defendants she regularly worked more than forty hours each week.

33.      Plaintiff was regularly scheduled to work five days each week – Monday through Friday – from 8:00 a.m. to 4:00 p.m.  However, Plaintiff regularly worked in excess of 50 hours each week.

34.      In addition to the extra hours she was required to work from Defendants place of business, Plaintiff was often required to work from home fielding calls from Defendants' customers and warehouse workers.

35.      Defendants willfully failed to compensate the Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular hourly rate.

36.        Plaintiff regularly worked days in which the spread of hours from the beginning of her shift to the end exceeded ten.

37.        During the entire term of her employment Defendants failed to pay plaintiff one (1) additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§190, *et. seq.* and §650, *et. seq.*, as codified by 12 NYCRR §137.17 & 137.11.

38.        Defendant did not provide Plaintiff with a wage notice that accurately contained the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage' including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law. New York Labor § 195(1).

39.        Defendants failed to provide Plaintiff with a statement with every payment of wages, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked as required by New York Labor § 195(3).

40.        During the entire term of her employment, Defendants failed to maintain and preserve payroll or other records indicating the time of day and day of week on which the

Plaintiff's workweek began; the regular hourly rate of pay for any workweek in which overtime compensation was due under section 7(a) of the FLSA; the hours worked each workday and total hours worked each workweek; the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; the total premium pay for overtime hours; and/or the total additions to or deductions from wages paid each pay period as required by FLSA § 211(c) and 29 C.F.R. § 516.2.

**FIRST CLAIM FOR RELIEF**
*(Failure to Pay Overtime – FLSA)*

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42.     Defendants willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 ½) times the regular hourly rate at which Plaintiff was employed in violation of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

43.     As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

44.     The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

**SECOND CLAIM FOR RELIEF**
*(Failure to Pay Overtime – New York Labor Law)*

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

46.        Defendants willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 ½) times the regular hourly rate at which he was employed in violation of  the New York Labor Law, N.Y. COMP. CODES R. & REGS. tit. 12 § 142-2.2.

47.        As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

48.        The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

### THIRD CLAIM FOR RELIEF
*(Spread of Hours – New York Labor Law)*

49.        Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint as though fully set forth at length herein.

50.        Defendants willfully failed to pay plaintiff one (1) additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§190, *et. seq*. & §650, *et. seq*., as codified by 12 NYCRR §137.17 & 137.11.

51.        As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

52.        The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

**FORTH CLAIM FOR RELIEF**
*(Wage Notice – New York Labor Law)*

53.        Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint as though fully set forth at length herein.

54.        Defendants failed to supply plaintiffs with a wage notice as required by N.Y. Lab. Law § 195(1) and codified at 12 N.Y.C.R.R. § 142-2.7.

55.        Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants damages of $50.00 for each work day that the violation occurred or continued to occur, up to a maximum of $5,000.00, plus reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

**FIFTH CLAIM FOR RELIEF**
*(Wage Statements – New York Labor Law)*

56.        Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 of this Complaint as though fully set forth at length herein.

57.        Defendants failed to supply plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195(3).

58.        Due to defendants' violation of the NYLL § 195(3), plaintiffs are entitled to recover from the defendants damages of $250.00 for each work day that the violation occurred or continued to occur, up to a maximum of $5,000.00, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-d).

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands:

A.      On the First Claim for Relief, Defendant pay to Plaintiff her actual damages for unpaid overtime wages in an amount to be determined at trial, plus liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. § 216(b).

B.      On the Second Claim for Relief, Defendant pay to Plaintiff her actual damages for unpaid overtime wages in an amount to be determined at trial, plus liquidated damages pursuant to the New York Labor Law, N.Y. Lab. Law § 198.

C.      On the Third Claim for Relief, Defendant pay to Plaintiff her actual damages for unpaid spread of hours wages in an amount to be determined at trial, plus liquidated damages pursuant to the New York Labor Law, N.Y. Lab. Law § 198.

D.      On the Forth Claim for Relief, Defendant pay to Plaintiff $50.00 for each workday that the violation occurred or continued to occur, up to a maximum of $5,000.00 pursuant to the New York Labor Law, N.Y. Lab. Law § 198.

E.      On the Fifth Claim for Relief, Defendant pay to Plaintiff $250.00 for each workday that the violation occurred or continued to occur, up to a maximum of $5,000.00 pursuant to the New York Labor Law, N.Y. Lab. Law § 198.

F.      Defendants be ordered to pay Plaintiffs' prejudgment interest;

G.      Defendants be ordered to pay the costs and disbursements of this action;

H.      Defendants be ordered to pay Plaintiff's attorneys' fees; and,

I.      For such other and further relief as may be just and proper.


Dated:  Babylon, New York
        March 5, 2020

                                        Respectfully Submitted,
                                        THE LAW OFFICE OF RALPH A. SOMMA


                                        _____
                                        Ralph A. Somma (RS 3473)
                                        175 West Main Street, Suite 1
                                        Babylon, NY 11702
                                        Tel.: (631) 587-1699