UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Amanda Hannigan,                                    Case No. 2:20-CV-01249(WFK)(AKT)

               Plaintiff,

    - against -

ABH Nature's Products, Inc., ABH Pharma,           <u>Answer</u>
Inc., Stocknutra.com, Inc. Jahirul Islam, Sajed
Islam and Sahina Islam,

               Defendants.

--------------------------------------------------------X

        Defendants ABH Nature's Products, Inc., ABH Pharma Inc. Stocknutra.com, Inc.,

Jahirul Islam, Dr. Sajid Hasan Choudhary, sued herein as Sajed Islam and Sahina Islam ("ABH"),

by their attorneys, Weinberg, Gross & Pergament LLP as and for their Answer to the Complaint

respond as follows:

        1.    ABH neither admits nor denies the allegations contained in Paragraph "1"

of the Complaint as they are not allegations of fact, but rather state legal conclusions and

respectfully refer all conclusions of law to the Court.

        2.    ABH neither admits nor denies the allegations contained in Paragraph "2"

of the Complaint as they are not allegations of fact, but rather state legal conclusions and

respectfully refer all conclusions of law to the Court.

        3.    ABH neither admits nor denies the allegations contained in Paragraph "3"

of the Complaint as they are not allegations of fact, but rather state legal conclusions and

respectfully refer all conclusions of law to the Court.

4.      Deny each and every allegation contained in Paragraph "4" of the Complaint, except admit that ABH Nature's Products, Inc., ABH Pharma Inc. and Stocknutra.com, Inc. conducted business in the State of New York, County of Suffolk and respectfully refer the conclusion of law to the Court.

5.      ABH neither admits nor denies the allegations contained in Paragraph "5" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "5" of the Complaint.

6.      ABH neither admits nor denies the allegations contained in Paragraph "6" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

7.      Deny each and every allegation contained in Paragraph "7" of the Complaint, except admit that ABH Nature's Products, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 131 Heartland Boulevard, Edgewood, New York.

8.      ABH neither admits nor denies the allegations contained in Paragraph "8" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

9.      Deny each and every allegation contained in Paragraph "9" of the Complaint, except admit that ABH Nature's Products, Inc. was engaged in the business of the manufacture and distribution of dietary supplements and related products.

10.    Deny each and every allegation contained in Paragraph "10" of the Complaint, except admit that ABH Nature's Products, Inc. was a corporation engaged in interstate commerce and respectfully refers the conclusion of law to the Court.

11.    Deny each and every allegation contained in Paragraph "11" of the Complaint, except admit that ABH Nature's Products, Inc. was engaged in the business of the manufacture and distribution of dietary supplements and related products.

12.    Deny each and every allegation contained in Paragraph "12" of the Complaint, except admit that ABH Pharma, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 131 Heartland Boulevard, Edgewood, New York.

13.    ABH neither admits nor denies the allegations contained in Paragraph "13" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

14.    Deny each and every allegation contained in Paragraph "14" of the Complaint.

15.    Deny each and every allegation contained in Paragraph "15" of the Complaint.

16.    Deny each and every allegation contained in Paragraph "16" of the Complaint.

17.    Deny each and every allegation contained in Paragraph "17" of the Complaint, except admit that ABH Pharma, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 131 Heartland Boulevard, Edgewood, New York.

18.    ABH neither admits nor denies the allegations contained in Paragraph "1" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

19.     Deny each and every allegation contained in Paragraph "19" of the Complaint.

20.     ABH neither admits nor denies the allegations contained in Paragraph "20" of the Complaint as they are not allegations of fact, but rather state legal conclusions and respectfully refer all conclusions of law to the Court.

21.     Deny each and every allegation contained in Paragraph "21" of the Complaint.

22.     Deny each and every allegation contained in Paragraph "22" of the Complaint.

23.     Deny each and every allegation contained in Paragraph "23" of the Complaint, except admit that Jahirul Islam is the shareholder of ABH Nature's Products, Inc., ABH Pharma Inc. Stocknutra.com, Inc. and served as Chief Executive Officer of ABH Nature's Products, Inc.

24.     Deny each and every allegation contained in Paragraph "24" of the Complaint.

25.     Deny each and every allegation contained in Paragraph "25" of the Complaint.

26.     Deny each and every allegation contained in Paragraph "26" of the Complaint, except admits that Sahina Islam is the daughter of Jahirul Islam.

27.     Deny each and every allegation contained in Paragraph "27" of the Complaint, except admit that Sahina Islam is married to Dr. Sajid Hasan Choudhary.

28.     Deny each and every allegation contained in Paragraph "28" of the Complaint.

29.     Deny each and every allegation contained in Paragraph "29" of the Complaint, except admit that Plaintiff commenced employment with ABH Nature's Products, Inc. on or about November 1, 2017.

30.     Deny each and every allegation contained in Paragraph "30" of the Complaint except admit that Plaintiff's employment with ABH terminated on or about March 29, 2019.

4

31.     Deny each and every allegation contained in Paragraph "31" of the Complaint.

32.     Deny each and every allegation contained in Paragraph "32" of the Complaint.

33.     Deny each and every allegation contained in Paragraph "33" of the Complaint.

34.     Deny each and every allegation contained in Paragraph "34" of the Complaint.

35.     Deny each and every allegation contained in Paragraph "35" of the Complaint.

36.     Deny each and every allegation contained in Paragraph "36" of the Complaint.

37.     Deny each and every allegation contained in Paragraph "37" of the Complaint.

38.     Deny each and every allegation contained in Paragraph "38" of the Complaint.

39.     Deny each and every allegation contained in Paragraph "39" of the Complaint.

40.     Deny each and every allegation contained in Paragraph "40" of the Complaint.

41.     Deny each and every allegation contained in Paragraph "41" of the Complaint.

42.     Deny each and every allegation contained in Paragraph "42" of the Complaint.

43.     Deny each and every allegation contained in Paragraph "43" of the Complaint.

44.     Deny each and every allegation contained in Paragraph "44" of the Complaint.

45.     Deny each and every allegation contained in Paragraph "45" of the Complaint.

46.     Deny each and every allegation contained in Paragraph "46" of the Complaint.

47.     Deny each and every allegation contained in Paragraph "47" of the Complaint.

48.     Deny each and every allegation contained in Paragraph "48" of the Complaint.

49.     Deny each and every allegation contained in Paragraph "49" of the Complaint.

50.     Deny each and every allegation contained in Paragraph "50" of the Complaint.

51.     Deny each and every allegation contained in Paragraph "51" of the Complaint.

52.     Deny each and every allegation contained in Paragraph "52" of the Complaint.

53.     Deny each and every allegation contained in Paragraph "53" of the Complaint.

54.     Deny each and every allegation contained in Paragraph "54" of the Complaint.

55.     Deny each and every allegation contained in Paragraph "55" of the Complaint.

56.     Deny each and every allegation contained in Paragraph "56" of the Complaint.

57.     Deny each and every allegation contained in Paragraph "57" of the Complaint.

58.     Deny each and every allegation contained in Paragraph "58" of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

59.     The Plaintiff fails to state a claim upon which relief may be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

60.     The Complaint and all claims for relief stated therein should be dismissed because the Defendants, at all times, acted reasonably and in good faith towards the Plaintiff without regard to their national origin, their sex or their creed and did not engage in unlawful conduct or wrongdoing.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

61.     Plaintiff's claims should be dismissed to the extent that they are barred by the applicable statutes of limitations.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

62.     To the extent that Plaintiff engaged in acts of misconduct prior to or during her employment which, if known, would result in termination of employment of any of the Plaintiff, any relief awarded should be reduced, in whole or in part, because of such misconduct.

WHEREFORE, Defendants ABH Nature's Products, Inc., ABH Pharma Inc. Stocknutra.com, Inc., Jahirul Islam, Dr. Sajid Hasan Choudhary and Sahina Islam request that

Plaintiff's Complaint be dismissed in its entirety and they be awarded attorneys' fees and costs

such other and further relief as this court deems just and proper.

Dated:  Garden City, New York
        April 29, 2020

                            Weinberg, Gross & Pergament LLP
                            Attorneys for Defendants

                    By:     /s/ *Marc A. Pergament*
                            Marc A. Pergament
                            400 Garden City Plaza, Suite 403
                            Garden City, New York  11530
                            (516) 877-2424